IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL MCGEHEAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AF&L INSURANCE COMPANY AND CIVC PARTNERS | : | NO. 09-CV-01792-TON |
| | : | |
| O'NEILL, J. | | June   30th  , 2009 |

## MEMORANDUM

On April 28, 2009, plaintiff Carol McGehean filed a complaint against defendants AF&L Insurance Company and CIVC Partners alleging violations of 42 U.S.C. § 1981(a) (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA) and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. (PHRA).

Presently before me are AF&L's motion to dismiss portions of McGehean's complaint and McGehean's response thereto.

## BACKGROUND

McGehean alleges that she suffered age and sex discrimination in violation of the ADEA, Title VII and PHRA during her employment with defendant. McGehean alleges that she suffered a reduction in compensation and job responsibilities, ageist remarks, a hostile work environment and retaliatory termination. She requested, inter alia, compensatory damages for "pain, suffering, inconvenience, mental anguish, humiliation, loss of position and other non-pecuniary losses caused by Defendant's actions" as well as punitive damages.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

## DISCUSSION

AF&L asserts that compensatory damages for "pain, suffering, inconvenience, mental anguish, humiliation, and non-pecuniary losses" are not available under the ADEA. AF&L further asserts that punitive damages are not available under the ADEA or the PHRA. McGehean asserts that AF&L's claims are without merit.

I.    Compensatory Damages Under the ADEA

AF&L asserts that compensatory damages for "pain, suffering, inconvenience, mental

anguish, humiliation and non-pecuniary losses" are not available under the ADEA.

Section 626(b) of the ADEA provides for recovery of "unpaid minimum wages and unpaid overtime compensation; liquidated damages; judicial relief; conciliation; conference; and persuasion." Relief is typically limited to lost wages or other lost remuneration. See e.g., Rodriguez v. Taylor, 569 F.2d 1231 (3d Cir. 1977); Curtis v. Robern Inc., 819 F. Supp. 451 (E.D. Pa. 1993). "[T]he Courts of Appeals have unanimously held . . . that the ADEA does not permit separate recovery of compensatory damages for pain and suffering or emotional distress." Comm'r Internal Revenue v. Schleier, 515 U.S. 323, 326 n.2 (1995); see also Rogers v. Exxon Research & Eng'g Co., 550 F.2d 834, 842 (3d Cir. 1977). The Court of Appeals has precluded all forms of recompense for "psychic distress attributable to unlawful age discrimination" under the ADEA. Rodriguez 569 F.2d at 1240, citing Rogers, 550 F.2d at 839-42.

I will grant AF&L's motion to dismiss McGehean's claim for compensatory damages for "pain, suffering, inconvenience, mental anguish, humiliation and non-pecuniary losses" under the ADEA.

II.     Punitive Damages Under the ADEA

AF&L asserts that punitive damages are not allowed in an ADEA action. McGehean argues that the ADEA provides for liquidated damages which are punitive in nature.

While the Court of Appeals has not ruled definitively on the issue of punitive damages under the ADEA, several circuit courts have barred them. See e.g., Smith v. Berry, 165 F.3d 390, 395 (5th Cir. 1999); Williams v. Valentec Kisco, Inc., 964 F.2d 723, 729 (8th Cir. 1992); Bruno v. W. Elec. Co., 829 F.2d 957, 967 (10th Cir. 1987); Hatter v. N.Y.C. Housing Auth., 1998 WL 743733, at *2 (2d Cir. Oct. 22, 1998). My colleagues Judges Ludwig, Tucker and

3

Buckwalter have followed this direction as well, holding that punitive damages, as distinct from liquidated damages, are unavailable under the ADEA.  <u>Tumolo v. Triangle Pac. Corp.</u>, 46 F. Supp.2d 410, 416 (E.D. Pa. 1999); <u>Lukens v. Whitemarsh Valley Country Club</u>, 2003 WL 22597529, at *4 (E.D. Pa. Nov. 5, 2003); <u>Burland v. Manorcare Health Servs. Inc.</u>, 1999 WL 58580, at *4 (E.D. Pa. Jan. 26, 1999).

These decisions do not prevent recovery of liquidated damages despite the fact that these liquidated damages are "punitive in nature," <u>Trans World Airlines, Inc. v. Thurston</u>, 469 U.S. 111, 125 (1985), because the liquidated damages are specifically prescribed by the ADEA.  29 U.S.C. §626(b).  The courts have only eliminated punitive damage relief beyond the liquidated damages prescribed by statute.

I will, thus, grant defendant's motion to dismiss plaintiff's claims for punitive damages under the ADEA.

  III. <u>Punitive Damages Under the PHRA</u>

AF&L asserts that punitive damages are not available under the PHRA.  The Pennsylvania Supreme Court has held that punitive damages are not available under the PHRA. <u>Hoy v. Angelone,</u> 720 A.2d 745, 749 (Pa. 1998).  Accordingly, the Court of Appeals and my colleagues Judges Ludwig and Buckwalter have found punitive damages unavailable under the PHRA.  <u>See e.g.</u>, <u>Snyder v. Bazargani</u>, 241 Fed. Appx. 20, 23 n.1 (3d Cir. 2007); <u>Tumolo</u>, 46 F. Supp.2d at 416; <u>Burland</u>, 1999 WL 58580, at *4.  Thus, I will grant AF&L's motion to dismiss McGehean's claim requesting punitive damages under the PHRA.

An appropriate Order follows.