IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL MCGEHEAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AF&L INSURANCE COMPANY AND | : | NO. 09-CV-01792-TON |
| CIVC PARTNERS | : | |

O'NEILL, J.                                                                                     October 2, 2009

<u>MEMORANDUM</u>

On April 28, 2009, plaintiff Carol McGehean filed a complaint against defendants AF&L Insurance Company and CIVC Partners alleging violations of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq. (ADEA), the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a (Title VII) and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951 et seq. (PHRA). Defendant CIVC moves to dismiss all of plaintiff's claims against CIVC. Plaintiff moves for CIVC to reimburse the costs and fees incurred by plaintiff for service of process. Presently before me are CIVC's motion to dismiss, plaintiff's response in opposition[1] and CIVC's reply, as well as plaintiff's motion for costs and fees, defendant's response and plaintiff's reply.

---

[1] Plaintiff argues in her response that defendant's motion to dismiss should be denied because it was filed one day late. "When a party fails to answer or otherwise plead within 20 days of service of the complaint, the court has discretion to allow an untimely response in the absence of a motion for default judgment." <u>Lagana v. K-Mart Corp.</u>, No. Civ. A. 97-5911, 1998 WL 372347, at *3 (E.D. Pa. June 19, 1998), <u>quoting</u> <u>Kampf v. Heinecke</u>, Civ. A. No. 94-6452, 1995 WL 262526, at *1 (E.D. Pa. Apr. 28, 1995). Here, plaintiff first raised her objection after defendant filed its motion and she does not allege that defendant's late filing prejudiced her in any way. Therefore, I will not deny the motion on the grounds that it was untimely filed.

BACKGROUND

Plaintiff alleges that defendants discriminated against her on the basis of her age and sex in violation of the ADEA, Title VII and PHRA. She alleges that she suffered a reduction in compensation and job responsibilities, ageist remarks, a hostile work environment and retaliatory termination. Plaintiff requested, inter alia, compensatory damages for "pain, suffering, inconvenience, mental anguish, humiliation, loss of position and other non-pecuniary losses caused by Defendant's actions" as well as punitive damages.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations omitted. The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer

survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, at * 4 (3d Cir. 2009). The Court of Appeals also set forth a two-part analysis for reviewing motions to dismiss in civil actions in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at *5, quoting Iqbal, 129 S. Ct. at 1950. The Court of Appeal explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

### A.    Judicial Notice

Preliminarily, in ruling on defendant's motion to dismiss I will not rely on any documents or facts introduced by plaintiff for the first time in her response to defendant's motion. Plaintiff sets forth additional facts and documents in her response that are not contained in her complaint. She suggests in a footnote that I may take judicial notice of these facts and documents and

consider them in deciding the motion to dismiss.

I may look to the facts alleged in the complaint or incorporated by reference thereto when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). I may also take judicial notice of certain facts and documents when considering a motion to dismiss. Federal Rule of Evidence 201 states that a court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a motion to dismiss, courts take judicial notice of documents which are matters of public record such as Securities and Exchange Commission filings, Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000), court-filed documents, Rouse v. II-VI Inc., No. 02:06cv0566, 2008 WL 398788, at *1 (W.D. Pa. Feb. 11, 2008), and Federal Drug Administration reports published on the FDA website, In re Wellbutrin SR/Zyban Antitrust Litigation, 281 F. Supp. 2d 751, 755 n. 2 (E.D. Pa. 2003).

Here plaintiff asks that I take judicial notice of the following: a CIVC brochure (Exh. B), a page from CIVC's website (Exh. C), an organizational chart (Exh. D), a Report of Examination of AF&L Insurance Co. (Exh. E), portions of a SEC filing for RAM Holdings, Ltd. (Exh. F), and a web page with a "profile" of Daniel G. Helle (Exh. G). I will not take judicial notice of Exhibits B, C, D, or G because these are not matters of public record and the sources of the documents are questionable. Furthermore, I will not take judicial notice of Exhibit E. Although an official copy of a Report of Examination conducted by the Office of Corporate and Financial Regulation of the Pennsylvania Insurance Department (PID) would qualify for judicial notice because it is a public document whose "accuracy cannot reasonably be questioned," here the plaintiff has provided an unofficial copy taken from the PID's website. The PID clearly states on

its website that the links to the reports "are not official documents, and are provided for informational purposes only.  Copies of the original, signed version of these documents are available by contacting the Office of Corporate and Financial Regulation of the Pennsylvania Insurance Department."[2]  Indeed, the version of the report attached as Exhibit E to plaintiff's response states "FOR INFORMATION ONLY" across every page.  Finally, plaintiff's Exhibit F directs me to a S-1/A SEC filing filed by RAM Holdings Ltd. on April 24, 2006.  While there is sufficient authority and reason to permit me to take judicial notice of a SEC filing, the contents do not contain any pertinent information.  Plaintiff alleges in her complaint that the discrimination against her began shortly after April 2007 when Benedict Iacovetti became president of AF&L and culminated in March 2008 with her termination.  The relevant portion of the SEC filing states that as of April 24, 2006 Michael J. Miller "is currently a principal at CIVC Partners.  Mr. Miller is a director of AF&L, Inc."  It is irrelevant who was a director in April 2006 since the time period in which the alleged discrimination took place was between April 2007 and March 2008.  Also, assuming AF&L Insurance Co., the named defendant, and AF&L, Inc. are separate entities, it is not clear why it is relevant that a principal at CIVC was also a director of AF&L, Inc.

      B.     <u>Defendant's Motion to Dismiss</u>

CIVC moves to dismiss plaintiff's complaint against CIVC arguing that she failed to allege that CIVC is plaintiff's employer.  The only allegation plaintiff specifically pleaded with regard to CIVC is that CIVC "is a Chicago based firm which during the relevant time owned and operated AF&L or otherwise had direct control over AF&L's business."  Complaint ¶ 12.

---

[2]     http://www.ins.state.pa.us/ins/cwp/view.asp?a=1280&Q=543959&PM=1

Plaintiff also pleaded that the discriminatory conduct and retaliatory actions were committed by both defendants.  For example, she alleges that "[i]n March 2008 *Defendants* cut Ms. McGehean's work hours and transitioned job duties to younger employees.  When Ms. McGehean complained about discrimination in the workplace, *Defendants* terminated Ms. McGehean's employment without cause."  Id. ¶ 9, emphasis added.  Plaintiff did not plead that CIVC was her employer or any other facts about CIVC and its relationship with AF&L or AF&L's employees.

Defendant wrongly argues that a plaintiff may not bring a Title VII [3] or ADEA [4] action against a defendant who is not an employer of the plaintiff.  A defendant need not be the plaintiff's employer to face liability for discrimination under Title VII or the ADEA.  In Graves v. Lowery, 117 F.3d 723, 728 (3d Cir. 1997), the Court of Appeals reversed the district court's order to dismiss plaintiffs' complaint against the county finding that there was co-employer

---

[3]   Title VII makes it an unlawful employment practice

> for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2(a).

[4]   Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

liability under Title VII when plaintiffs alleged that "through its funding, actions and policies, [the County] exercised the requisite control over [their] daily employment activities," and county officials hired them for their positions. In Kemether v. Penn. Interscholastic Athletic Assoc., 15 F. Supp. 2d 740, 762 (E.D. Pa. 1998), the court found that even if the defendant is not the plaintiff's employer it may still be liable under Title VII if the defendant controls access to the plaintiff's employment opportunities with third parties and impermissibly interferes with those employment opportunities.

Even accepting as true plaintiff's assertion that CIVC "owned and operated AF&L" or "had direct control over AF&L's business," plaintiff has failed to plead enough facts in her complaint that permit me "to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1949. While this allegation makes it appear "possible" that CIVC could have been in a position to control or interfere with her employment opportunities, without more facts I cannot determine whether it is "plausible" that CIVC had such control. Fowler, 2009 WL 2501662, at * 5. She argues in her response to defendant's motion to dismiss that she "sufficiently alleged that CIVC asserted control over the decisions that resulted in the termination of her employment." However, I find no such allegation in the complaint and plaintiff's response does not cite to any paragraphs in the complaint where this supposed allegation was made.

A defendant who is not a plaintiff's employer may also be liable under a theory of parent-subsidiary liability. There is an initial presumption that "a parent corporation generally is not liable for the wrongful acts of its subsidiaries simply because the parent wholly owns the subsidiary." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 429 (E.D. Pa. 2007), citing Jean Anderson Hierarchy of Agents v. Allstate Ins. Co., 2 F. Supp. 2d 688, 691 (E.D. Pa. 1998) and

Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 363 (E.D. Pa. 1998).  However, a plaintiff may overcome this presumption by demonstrating the subsidiary is a mere instrumentality of the parent.  This Court has largely adopted the "integrated enterprise" test to determine the liability of a parent corporation in the context of employment discrimination suits.  DeLa Cruz, 521 F. Supp. 2d at 429.  "The 'integrated enterprise' test is a four-factor test to determine if a subsidiary is a mere instrumentality of its parent: (1) is there functional integration of the operations of the parent and subsidiary; (2) are labor relations centrally controlled; (3) is there common management; and (4) is there common ownership and financial control."  Id.

  Plaintiff failed to allege enough in her complaint that would allow her to proceed on a parent-subsidiary liability theory.  While she pleaded that CIVC "owned and operated AF&L or otherwise had direct control over AF&L's business," which is sufficient to demonstrate the common ownership element, she has not alleged any facts showing that as between AF&L and CIVC there was functional integration of the operations of the parent and subsidiary, central control of labor relations, common management and common financial control.  Indeed, it is not clear how AF&L, a Warminster, Pennsylvania based long-term care insurance policy provider, and CIVC, a Chicago, Illinois-based equity firm, would integrate their operations, centrally control their labor relations and share common management and financial control.  Plaintiff's attempt to put the shoe on the other foot by stating in her response that there are "no record facts to support CIVIC's bald assertion that it was not Ms. McGehean's employer" is misplaced as the burden is on plaintiff not CIVC to plead properly.

  Additionally, plaintiff asserts claims against defendants for having "engaged in unlawful practices in violation of PHRA," Complaint ¶ 41, and against "[a]ny persons who aided and

8

abetted Defendants' unlawful acts [because they] were accomplices to the direct discriminatory and adverse acts against Ms. McGehean and are individually liable," Id. ¶ 42. The PHRA bars "any person, employer, employment agency, labor organization or employe" from aiding or abetting in discriminatory practices. 43 Pa. Stat. Ann. § 955(e). Thus, liability under the PHRA may extend more broadly than liability under Title VII or the ADEA. See Dici v. Commonwealth, 91 F.3d 542, 552 (3d Cir. 1996).

Here, plaintiff's complaint contains no "aiding and abetting" allegations against CIVC. Instead the "aiding and abetting" allegations are directed at "[a]ny persons who aided and abetted Defendants' unlawful acts." Thus, plaintiff's attempt to argue that she has made an "aiding and abetting" claim against CIVC fails.

    C.    Plaintiff's Motion for Costs and Fees

Plaintiff "applies for costs and fees associated with service of process on Defendant CIVC Partners" and "respectfully requests that the Court reimburse her for the costs and fees incurred." On May 18, 2009, plaintiff's counsel mailed a letter to CIVC notifying it that an action had been commenced and requesting that the defendant waive service of a summons. All appropriate documents including copies of the complaint were apparently attached. When plaintiff did not receive defendant's response to the request for waiver by July 7, 2009, she proceeded to serve the defendant and in so doing allegedly incurred $165 in service fees and $1,312.50 in attorneys' fees.

Federal Rule of Civil Procedure 4(d) states in relevant part that the plaintiff's "notice and request must be in writing and be addressed for a [corporation, partnership or association], to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

9

receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii).  The Advisory Committee notes to the 1993 Amendments state "a request for waiver of service by a corporate defendant must be addressed to a person qualified to receive service.  The general mail rooms of large organizations cannot be required to identify the appropriate individual recipient for an institutional summons."

Plaintiff mailed the notice and request for waiver to CIVC Partners without identifying a specific officer or agent.  Defendant states that it never received the notice and request and points to the fact that it did not retain counsel in this matter until July after it was served with the summons.  Plaintiff has failed to comply with the requirements of Rule 4(d) by not addressing the notice and request to an officer or agent of CIVC and CIVC has shown good cause why it should not be required to reimburse plaintiff her costs and fees associated with service.  Plaintiff's motion for costs and fees is denied.[5]

CONCLUSION

Plaintiff failed to plead facts which would move her claims against CIVC "across the line from conceivable to plausible."  Twombly, 550 U.S. at 564.  I will grant defendant's motion to dismiss with leave to amend the complaint.  I will also deny plaintiff's motion for costs and fees.

---

[5] To the extent plaintiff's motion requests reimbursement from this Court for her costs and fees associated with service, her request is without merit.